UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHARLES R JOHNSON | CASE NO: 1-16-02830-HWV<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 2/12/2021, I did cause a copy of the following documents, described below,

Notice to Creditors - 7th Amended Plan

7th Amended Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 2/12/2021

/s/ /s/ Gary J. Imblum, Esquire
/s/ Gary J. Imblum, Esquire  42606
Imblum Law Offices, P.C.
4615 Derry Street
Harrisburg, PA  17111
717 238 5250

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: CHARLES R JOHNSON

CASE NO: 1-16-02830-HWV

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13

On 2/12/2021, a copy of the following documents, described below,

Notice to Creditors - 7th Amended Plan

7th Amended Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 2/12/2021

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
/s/ Gary J. Imblum, Esquire
Imblum Law Offices, P.C.
4615 Derry Street
Harrisburg, PA 17111

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | |
| CHARLES R. JOHNSON | : | CASE NO. 1-16-02830-HWV |
| Debtor | : | CHAPTER 13 |

## NOTICE

NOTICE OF OPPORTUNITY TO OBJECT AND HEARING: Pursuant to Local Rule 2002-1(a), the Court will consider this **Seventh Amended Plan** without further notice or hearing unless a party in interest files an objection/response on or before **March 5, 2021**. If you object to the relief requested, you must file your objection/response with the Clerk of Bankruptcy Court, U.S. Bankruptcy Court, 228 Walnut Street, Room 320, Harrisburg, PA 17101 and serve a copy on the Debtor and Debtor's attorney, if one is designated.

If you file and serve an objection/response within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will deem the motion unopposed and proceed to consider the motion without further notice or hearing, and may grant the relief requested.

Date: 2/12/2021

Gary J. Imblum, Esquire
Imblum Law Offices, P.C.
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Gary.Imblum@imblumlaw.com
Counsel for Debtor

Rev. 12/01/19

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:          CHAPTER 13

CHARLES R. JOHNSON     CASE NO. 1 -bk-16- 02830-HWV

___ ORIGINAL PLAN
7th AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

0 Number of Motions to Avoid Liens
0 Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | Included | Not Included |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ✓ | |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | ✓ |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | Included | ✓ |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

---

Rev. 12/01/19

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid $62,404.04 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $80,229.04, plus other payments and property stated in § 1B below:

   | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
   |---|---|---|---|---|---|
   | 01/2021 | 07/2023 | 575.00 | 0.00 | 575.00 | 17,825.00 |
   | | | | | | |
   | | | | | | |
   | | | | | | |
   | | | | | Total Payments: | 17,825.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE: (✓) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

   ( ) Debtor is over median income. Debtor estimates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

---

Rev. 12/01/19

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.

✓ No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

___ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

   ___ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   ✓ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

---

Rev. 12/01/19

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| Santander Consumer USA | 1000 | 477.27 |
| | | |
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✓ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Deutsche Bank (Carrington) | Residence: 417 High Street, Highspire, PA 17034 | |
| | | |
| | | |

4

Rev. 12/01/19

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** Check one.

___ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

✓ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Deutsche Bank (Carrington) | Residence: 417 High Street, Highspire, PA 17034 | 6,144.66 | 19,395.75 (post pet. arrears through August 2019)(including taxes through spring 2019) | 25,540.41 |
|  |  |  |  |  |
|  |  |  |  |  |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

___ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

✓ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

5

---

Rev. 12/01/19

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Santander Consumer USA | 2012 Ford Escape | 25,600.00 | 4.5% | 28,636.58 |
| Dauphin County Tax Claim Bureau | Residence: 417 High Street, Highspire, PA 17034 | 48.65 | 0% | 48.65 |
| Dauphin County Tax Claim Bureau (2016 & 2017) | Residence: 417 High Street, Highspire, PA 17034 | 4,375.28 | 0% | 4,375.28 |

E. **Secured claims for which a § 506 valuation is applicable.** Check one.

✓ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

6

---

Rev. 12/01/19

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

F. **Surrender of Collateral.** Check one.

✓ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G. **Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens. Check one.

✓ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

7

---

Rev. 12/01/19

___ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder |  |  |  |
|---|---|---|---|
| Lien Description For judicial lien, include court and docket number. |  |  |  |
| Description of the liened property |  |  |  |
| Liened Asset Value |  |  |  |
| Sum of Senior Liens |  |  |  |
| Exemption Claimed |  |  |  |
| Amount of Lien |  |  |  |
| Amount Avoided |  |  |  |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. **Attorney's fees.** Complete only one of the following options:

      a. In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ see Addendum per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. **Other.** Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

      ✓ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

      ___ The following administrative claims will be paid in full.

8

Rev. 12/01/19

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

**B. Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | 0.00 (estimated, to be paid as per POC) |
|  |  |
|  |  |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

9

---

Rev. 12/01/19

**4. UNSECURED CLAIMS**

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

10

---

Rev. 12/01/19

**6. VESTING OF PROPERTY OF THE ESTATE.**

Property of the estate will vest in the Debtor upon

*Check the applicable line:*

___ plan confirmation.
___ entry of discharge.
✓ closing of case.

**7. DISCHARGE: (Check one)**

(✓) The debtor will seek a discharge pursuant to § 1328(a).
( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

11

---

Rev. 12/01/19

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

See attached Addendum.

Dated 2/8/2021            _____
                          Gary J. Imblum, Attorney for Debtor

                          _____
                          Charles R. Johnson, Debtor

                          _____
                          Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12

## ADDENDUM TO CHAPTER 13 PLAN

1A. If the debtor is not employed at the time of the filing of the plan, but has the ability to work, Debtor will notify counsel when he returns to work, and any necessary adjustments to the Plan will be made at that time.

2(C) & 2(D). Said amounts are estimated. Debtor will pay the amount as stated in the Proof of Claim unless an objection is filed to the claim, in which case debtor will pay the amount determined by the Court or as agreed to by the parties. Debtor waives the right to object to these claims after the Plan is confirmed.

2(E). Amounts stated are estimated. If an objection is filed to a Proof of Claim, payment of the amount determined by the Court or as stipulated to by the parties.

2F. The collateral being surrendered is being surrendered in full satisfaction of debt.

3B. IRS, PA Department of Revenue and local tax claims - The priority and/or secured portion of a timely filed allowed Proof of Claim relating to tax claims referenced shall be paid in full through the Plan. If an objection is filed to any such claim, the amount of the unsecured priority and secured claim determined by the Court or through agreement of the parties shall be paid in full through the Plan.

Debtor may in the future provide for payment of post petition federal, state and/or local tax claims to the detriment of non priority unsecured claims.

3A(2). Attorney fees: Payable to Gary J. Imblum, Esquire. Total fees and costs in the amount of $12,073.61 through November 25, 2019, less client payment in the amount of $1,115.00 for fees and $380.00 for costs, for a net amount due though the Trustee of $10,578.61. Plus future fees at the hourly rate of $295.00 per hour, associate attorney time at $235.00 per hour, and paralegal time at $135.00 per hour for all services as defined in Fee Agreement between Debtor and counsel. Only those fees and costs approved by Court shall be paid by the Trustee to counsel.

In addition to fees, Debtor will be responsible for expenses, including photo copying, travel (where applicable), postage, court costs, filing fees, and similar expenses which are incurred by counsel in the course of performing services to the Debtor.

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| CERTIFIED 7020 3160 0000 6463 8633 | CASE INFO | |
|---|---|---|
| SANTANDER CONSUMER USA INC<br>PO BOX 961245<br>FORT WORTH TX 76161-1245 | LABEL MATRIX FOR LOCAL NOTICING<br>03141<br>CASE 1-16-BK-02830-HWV<br>MIDDLE DISTRICT OF PENNSYLVANIA<br>HARRISBURG<br>FRI FEB 12 13-01-42 EST 2021 | CITI FINANCIAL CORPORATION<br>WILLIAMSON AND BROWNLLC<br>4691 CLIFTON PKWY<br>HAMBURG NY 14075-3201 |
| CAPITAL TAX COLLECTION BUREAU<br>506 S STATE ROAD<br>MARYSVILLE PA 17053-1017 | CARRINGTON MORTGAGE SERVICE LLC<br>POBOX 3489<br>ANAHEIM CA 92803-3489 | CERTEGY<br>PO BOX 30046<br>TAMPA FL 33630-3046 |
| DAUPHIN COUNTY TAX CLAIM BUREAU<br>2 SOUTH SECOND STREET<br>HARRISBURG PA 17101-2047 | CHARLES J DEHART III TRUSTEE<br>8125 ADAMS DRIVE SUITE A<br>HUMMELSTOWN PA 17036-8625 | DEUTSCHE BANK NATIONAL TRUST CO ET AL<br>ITS ASSIGNEES ANDOR SUCCESSORS IN INTE<br>CO PROBER  RAPHAEL A LAW CORPORATION<br>20750 VENTURA BLVD SUITE 100<br>WOODLAND HILLS CA 91364-6207 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY ET AL<br>CO PROBER  RAPHAEL A LAW CORPORATION<br>20750 VENTURA BLVD STE  100<br>WOODLAND HILLS CA 91364-6207 | DEUTSCHE BANK NATIONAL TRUST COMPANY ET AL<br>CO PROBER  RAPHAEL A LAW CORP<br>PO BOX 4365<br>WOODLAND HILLS CA 91365-4365 | DEUTSCHE BANK NATIONAL TRUST COMPANY E AL<br>CO CARRINGTON MORTGAGE SERVICES LLC<br>1600 SOUTH DOUGLASS ROAD<br>ANAHEIM CA 92806-5948 |
| ~~EXCLUDE~~<br>~~GARY J IMBLUM~~<br>~~IMBLUM LAW OFFICES PC~~<br>~~4615 DERRY STREET~~<br>~~HARRISBURG PA 17111-2660~~ | INTERNAL REVENUE SERVICE<br>POB 7346<br>PHILADELPHIA PA 19101-7346 | INTERNAL REVENUE SERVICES<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| JOHN W HOCH TAX COLLECTION<br>72 ROOP STREET<br>HIGHSPIRE PA 17034-1259 | JOHN W HOCH TAX COLLECTOR<br>72 ROOP STREET<br>HIGHSPIRE PA 17034-1259 | DEBTOR<br>CHARLES R JOHNSON<br>417 HIGH STREET<br>HIGHSPIRE PA 17034-1408 |
| MARION JOHNSON<br>417 HIGH STREET<br>HIGHSPIRE PA 17034-1408 | PA DEPARTMENT OF REVENUE<br>BUREAU OF INDIVIDUAL TAXES<br>DEPT 280431<br>HARRISBURG PA 17128-0431 | PENNSYLVANIA DEPARTMENT OF REVENUE<br>BANKRUPTCY DIVISION<br>PO BOX 280946<br>HARRISBURG PA 17128-0946 |
| SANTANDER CONSUMER USA<br>PO BOX 560284<br>DALLAS TX 75356-0284 | SANTANDER CONSUMER USA<br>PO BOX 961245<br>FORT WORTH TX 76161-0244 | JASON BRETT SCHWARTZ<br>MESTER  SCHWARTZ PC<br>1917 BROWN STREET<br>PHILADELPHIA PA 19130-2085 |
| TRAVELERS INSURANCE COMPANY<br>CO CREDIT COLLECTION SERVICES<br>725 CANTON STREET<br>NORWOOD MA 02062-2679 | CM/ECF E-SERVICE<br>(+) UNITED STATES TRUSTEE<br>228 WALNUT STREET SUITE 1190<br>HARRISBURG PA 17101-1722 | JAMES WARMBRODT<br>701 MARKET STREET SUITE 5000<br>PHILADEPHIA PA 19106-1541 |

ADDRESSES WHERE AN EMAIL IS PRESENT WERE SERVED VIA "CM/ECF E-SERVICE" THROUGH THE UNITED STATES BANKRUPTCY COURT'S NOTICE OF ELECTRONIC FILING ("NEF")SYSTEM.

| | | |
|---|---|---|
| United States Trustee<br>228 Walnut Street, Suite 1190<br>Harrisburg, PA 17101<br>(Asst. U.S. Trustee)<br><br>ustpregion03.ha.ecf@usdoj.gov | Charles R. Johnson<br>417 High Street<br>Highspire, PA 17034<br>(Debtor 1)<br>represented by:<br>Gary J Imblum<br>Imblum Law Offices, P.C.<br>4615 Derry Street<br>Harrisburg, PA 17111<br><br>gary.imblum@imblumlaw.com | (Creditor)<br>Deutsche Bank National Trust Company,<br>et al, its assignees and/or successors<br>in interest<br>c/o Prober & Raphael, A Law Corp.<br>P.O. Box 4365<br>Woodland Hills, CA 91364<br>represented by:<br>Jason Brett Schwartz<br>Mester & Schwartz, P.C.<br>1917 Brown Street<br>Philadelphia, PA 19130<br><br>JSchwartz@mesterschwartz.com |
| (Creditor)<br>Deutsche Bank National Trust Company,<br>et al<br>c/o Prober & Raphael A Law Corporation<br>20750 Ventura Blvd, STE # 100<br>Woodland Hills, CA 91364 | (Creditor)<br>Deutsche Bank National Trust Company,<br>as Indenture Trustee for New Century<br>Home Equity Loan Trust 2004-3<br>represented by:<br>James Warmbrodt<br>701 Market Street Suite 5000<br>Philadephia, PA 19106<br><br>jwarmbrodt@kmllawgroup.com | (Trustee)<br>8125 Adams Drive, Suite A<br>Hummelstown, PA 17036<br><br>dehartstaff@pamd13trustee.com |